# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RUBEN-JACOB DAVENPORT,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY CHILD PROTECTIVE SERVICES,<br><br>Defendant. | No. 2:16-cv-0472 KJM GGH PS<br><br><br><br>ORDER |

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989); Franklin, 745 F.2d at 1227.

6       A complaint must contain more than a "formulaic recitation of the elements of a cause of

7  action;" it must contain factual allegations sufficient to "raise a right to relief above the

8  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9  "The pleading must contain something more ... than ... a statement of facts that merely creates a

10  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

11  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

12  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

13  v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.

14  Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

16  Id.

17       Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92

18  S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

19  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

20  proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

21  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22       The complaint alleges, among other things, that Child Protective Services ("CPS") used

23  false allegations of domestic violence, lied about plaintiff's character, and fabricated evidence for

24  use in state court proceedings which apparently resulted in the removal of his children from his

25  home or custody.  With regard to the second defendant named, Mercy San Juan Hospital, he

26  alleges that he was physically assaulted and injured by hospital personnel.  He seeks to have his

27  children returned to him and his wife immediately and to be awarded damages for the abuse he

28  claims.  Plaintiff predicates his claims on the Fourth and Fourteenth Amendments to the federal

Constitution without any specificity as to how those Amendments are relied on.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In order to satisfy the Rule 8 standard and state a plausible claim for relief, plaintiff must go beyond the general statement that "lies" were told about him by employees of defendant Child Protective Services. He must identify by name or description who told the lies, what the lies were, when and where the lies were told. By the same token he does not identify what employee or employees of Mercy San Juan Hospital participated in the assault that injured him, when they did so, and other surrounding circumstances.

Neither does plaintiff state any specific legal claims beyond the reference to the foregoing Amendments. Plaintiff must allege with at least some degree of particularity that a person acting under color of law subjected plaintiff to the actions complained and identify the violation of specific statutes, ordinances, regulations, custom, or usage which allegations are essential elements of a section 1983 claim. Id.

The complaint also indicates that state court proceedings were a part of the deprivation of custody of his children about which plaintiff complains.[1] It is inappropriate for a federal court to interfere in this family law matter pending in state court. See Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987), *cert. denied* 484 U.S. 802 (1987) (no abuse of discretion in district court's abstention from hearing § 1983 claims arising from a child custody dispute pending in state court); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (upholding abstention by district court in dispute involving father's visitation rights). Disputes regarding child custody and visitation are domestic relations matters traditionally within the domain of the state courts, and it

---

[1] For instance, he states that he "didn't get a change to provide evidence in trial . . .". ECF 1 at 5.

is appropriate for federal district courts to abstain from hearing such cases, especially when there are ongoing state judicial proceedings. <u>Coats</u>, 819 F.2d at 237. In this case, it is unclear whether the state judicial proceedings are ongoing or concluded; however, if they are ongoing, plaintiff has an adequate opportunity to raise his constitutional claims in the state courts.[2]

If the state court proceedings are no longer ongoing, but have resolved adversely to plaintiff, there is still no federal jurisdiction which would permit this court to interfere with any orders issued by state court related to custody of plaintiff's children. Plaintiff's allegations of errors in the state court are barred by the <u>Rooker–Feldman</u> doctrine because they expressly entail review of a state court's prior judgment.

A federal district court does not have jurisdiction to review legal errors in state court decisions. <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311–1312, 75 L.Ed.2d 206 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415, 44 S. Ct. 149, 150, 68 L.Ed. 362 (1923). This doctrine has not aged well with time. In recently advocating the abolishment of a doctrine not at issue here, Justice Stevens characterized the lack of vitality in Rooker–Feldman:

> Rather than preserving whatever vitality that the "exception" has retained as a result of the <u>Markham</u> dicta, I would provide the creature with a decent burial in a grave adjacent to the resting place of the <u>Rooker–Feldman</u> doctrine. See <u>Lance v. Dennis</u>, 546 U.S. 459, ——, 126 S.Ct. 1198, 1204, 163 L.Ed.2d 1059 (2006) (STEVENS, J., dissenting).

<u>Marshall v. Marshall</u>, 547 U.S. 293, 318, 126 S. Ct. 1735, 1752, 164 L.Ed.2d 480 (2006) (Stevens, J. dissenting). However, while consigning <u>Rooker–Feldman</u> to life support, a majority of the Supreme Court has not laid the doctrine to rest in the grave prepared by Justice Stevens:

> Rooker–Feldman, we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

---

[2] The undersigned is aware of <u>Atwood v. Fort Peck Tribal etc.</u>, 513 F.3d 943 (9th Cir. 2008) in which the Ninth Circuit, without citing <u>Coats</u>, determined that the domestic relations exception applied only in actions where jurisdiction was predicated upon diversity of citizenship. Such is not the case here. However, this case at bar, ostensibly based on 42 U.S.C. Section 1983 is indistinguishable from <u>Coats</u>, and the undersigned must apply this earlier authority which has never been overruled or disapproved.

4

proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S., at 284, 125 S.Ct. 1517, 161 L.Ed.2d 454.

Lance v. Dennis, 546 U.S. 459, 464, 126 S. Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006) quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005).

The 9th Circuit has also clarified the doctrine in Noel v. Hall, 341 F.3d 1148 (9th Cir. 2003). A federal plaintiff who asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, is barred by Rooker–Feldman because the federal court lacks subject matter jurisdiction. Id. at 1164. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker–Feldman does not bar jurisdiction. Id. But even if a federal plaintiff is expressly seeking to set aside a state court judgment, Rooker–Feldman does not apply unless a legal error by the state court is the basis for that relief. See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004).

Rooker–Feldman survives enough to require dismissal of this case if plaintiff seeks to regain custody of his children who are subject to state court jurisdiction. See Parlante v. Peterson, 323 Fed. Appx. 529 (9th Cir. 2009), dismissing on Rooker–Feldman grounds a federal follow-up to a state court parental rights case. The averments of the Complaint suggest, if not make clear, that the state court case is either ongoing or concluded. Plaintiff cannot succeed in bringing an action in this court to remove his children from the protective custody ordered by the state court and place the child back with the father. The only remedy available to plaintiff would be damages for the actions of state actors that he clearly identifies for violations of rights, statutory or constitutional that are equally clearly pleaded in his complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. The complaint is dismissed for the reasons discussed above, with leave to file an Amended Complaint within 30 days of the service of this order. The Amended Complaint must

5

conform to the dictates of the Federal Rule of Civil Procedure, the Local Rules of Practice, and the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint;

       3.    Failure to file an amended complaint within the 30 days allowed will result in a recommendation that this action be dismissed.

Dated: June 16, 2016

                                          /s/ Gregory G. Hollows
                                     UNITED STATES MAGISTRATE JUDGE

GGH:amm/Davenport.ifp/dismiss.PS